IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

PRINCE A. STEVENSON,          )
                              )
    Petitioner,               )
                              )
v.                            )   NO. 13-3146
                              )
UNITED STATES OF AMERICA,     )
                              )
    Respondent.               )

OPINION

RICHARD MILLS, U.S. District Judge:

Petitioner Prince A. Stevenson has filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 and a Supplement to the Motion. As directed, the Government filed a Response and the Petitioner filed a Reply to the Response.

The Court concludes that no hearing is necessary on the Petitioner's Motion. For the reasons that follow, the Petitioner's Motion under § 2255 is denied.

I. BACKGROUND

On August 11, 2009, Prince A. Stevenson was first charged in a

criminal complaint after selling crack cocaine to a confidential informant on three occasions. *See* Case Number 09-30077. Subsequently, a grand jury indicted the Petitioner with three counts of distribution of a controlled substance.

The indictment was returned on September 1, 2009. The trial was initially set for November 3, 2009. The Petitioner filed motions to continue on October 13, 2009, November 19, 2009 and February 17, 2010. Each of the motions was continued pursuant to 18 U.S.C. § 3161(h)(7)(A). The trial was continued to June 8, 2010.

After a two-day trial, a jury found the Petitioner guilty on each of the three counts of the indictment. The Petitioner was sentenced to a term of 158 months in the custody of the Bureau of Prisons. The Petitioner appealed and, on June 5, 2012, his conviction and sentence were affirmed by the United States Court of Appeals for the Seventh Circuit. The Petitioner timely filed this motion under § 2255.

## II. DISCUSSION

The Petitioner has alleged four claims of ineffective assistance of trial

2

counsel in his motion under § 2255. In his supplement, the Petitioner asserts his right under the Sixth Amendment were violated based on factual findings made by the district judge at sentencing.

A petitioner asserting an ineffective assistance of counsel claim must show that counsel's performance was objectively deficient and this lack of competent representation resulted in prejudice. *See United States v. Jones*, 635 F.3d 909, 915 (7th Cir. 2011) (citing *Strickland v. Washington*, 466 U.S. 668, 687-96 (1993)). To show prejudice, the petitioner must show there is a reasonable probability that but for counsel's mistakes below, the result of the proceedings would have been different. *See id.* The Court's review is highly deferential to the extent there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Vinyard v. United States*, 804 F.3d 1218, 1225 (7th Cir. 2015) (quoting *Strickland*, 466 U.S. at 869).

A. Probable cause challenge

The Petitioner first alleges that counsel was ineffective in failing to file a pre-trial motion to suppress evidence and challenging the affidavit for

probable cause.

The Petitioner claims that a reasonably competent attorney would have asserted that the officer's affidavit in support of the criminal complaint did not provide a basis for finding that probable cause existed. In order to show that counsel was ineffective in not filing a motion to suppress, a petitioner must show that the Fourth Amendment claim would have succeeded and "that there is a reasonable probability that the verdict would have been different absent the excludable evidence." *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986); *see also United States v. Cieslowski*, 410 F.3d 353, 360 (7th Cir. 2005).

Upon reviewing the record, the Court concludes that any motion to suppress would have been unsuccessful. The affidavit in support of the criminal complaint was sworn by an officer with more than 20 years' experience in narcotics investigations. The information was based on the officer's personal knowledge of this investigation, and upon information provided by other law enforcement personnel. The officer provided details regarding the Petitioner's meeting the confidential informant on September

17, September 19 and September 26, 2008, when the Petitioner sold her crack cocaine. The officer noted that each transaction was video and audio recorded. If a police officer receives information from an eyewitness which establishes the elements of a crime, it is almost always enough to provide probable cause for an arrest unless there is an indication that the information or witness is not credible. *See Pasiewicz v. Lake County Forest Preserve Dist.*, 270 F.3d 520, 524 (7th Cir. 2001).

The Plaintiff has not provided any basis for finding that the information was not credible. United States Magistrate Judge Byron G. Cudmore found that the affidavit established probable cause. Moreover, the Petitioner waived his right to challenge a finding of probable cause. A grand jury also found that the affidavit established probable cause in issuing an indictment. Additionally, a jury was presented with the same evidence at trial, found it to be credible and concluded that Petitioner was guilty beyond a reasonable doubt. In discussing the Government's evidence and the Petitioner's theory of the case the Seventh Circuit observed, "This was not a close case where a reasonable jury might have decided the case the

other way." *United States v. Stevenson*, 680 F.3d 854, 858 (7th Cir. 2012).

For all of these reasons, a motion to suppress would not have succeeded. It follows, therefore, that counsel was not ineffective in determining not to file a motion to suppress or in otherwise deciding not to challenge the probable cause affidavit.

B. Speedy trial challenge

The Petitioner next alleges that counsel was ineffective for failure to raise a claim that Petitioner's right to a speedy trial was violated pursuant to the Sixth Amendment. He alleges that competent counsel would have moved to dismiss the indictment because the Government failed to ensure that Petitioner's right to a speedy trial was not violated.

The Government notes that a total of 42 days elapsed from when the Indictment was filed on September 1, 2009, to when the Petitioner first moved to continue the trial. From that point on, either a pretrial motion was pending, excluding any delay under 18 U.S.C. § 3161(h)1)(D), or the Court made an interest of justice finding, excluding any delay under §

3161(h)(7)(A).

The Petitioner's counsel moved for each continuance so that he could review the discovery, investigate the case and adequately prepare for trial. The "effective preparation" of counsel is noted by the statute as a valid basis for the Court to make an interest of justice finding. 18 U.S.C. § 3161(h)(7)(B)(iv). Any speedy trial motion would have been unsuccessful. Accordingly, counsel was not ineffective in determining not to pursue that course.

As for the right to a speedy trial under the Sixth Amendment, courts examine several factors in determining whether a violation occurred. These include: "(1) whether the delay was uncommonly long, (2) whether the government or the defendant is more to blame for the delay, (3) whether the defendant asserted his right to a speedy trial in due course, and (4) whether the defendant suffered prejudice as a result of the delay." *United States v. Gearhart*, 576 F.3d 459, 463 (7th Cir. 2009).

The delay was not uncommonly long. The indictment was returned on September 1, 2009, and the jury trial commenced on June 8, 2010. In

the Court's experience, it is fairly typical for nine months to elapse between indictment and trial.

The Petitioner's counsel filed several motions to continue, so the Petitioner is more to blame for the delay. It is true that Petitioner sent several letters which expressed a desire to proceed to trial and his dissatisfaction with counsel. However, the Petitioner's desire to move expeditiously must be balanced against counsel's ability to effectively prepare for trial. As noted, it was not a particularly significant delay.

Finally, the Defendant did not suffer prejudice as a result of the delay. The delay enabled counsel to adequately prepare for trial and provide a vigorous defense for the Petitioner.

Because there was no constitutional speedy trial violation, a claim regarding such a violation would not have succeeded. Accordingly, counsel was not ineffective in failing to raise a claim that his right to a speedy trial was violated.

### C. Failure to file motion for judgment of acquittal

The Petitioner next contends that counsel was ineffective for failure

to move for a judgment of acquittal after the close of all evidence pursuant to Rule 29(a) of the Federal Rules of Criminal Procedure. He claims that the Government failed to meet its burden as a matter of law.

As the Seventh Circuit observed, this was not a close case that could have gone either way. *See Stevenson*, 680 F.3d at 858. Because of the overwhelming evidence of the Petitioner's guilt, counsel's failure to move for a judgment of acquittal would have been harmless if true.

However, the record shows that counsel did move for an acquittal at the close of the Government's case. The motion was denied. The defense then rested their case without calling any witnesses. The defense renewed its motion under Rule 29. The Court denied the motion. The Petitioner's claim is frivolous and is Denied.

### D. Failure to file sentencing objections

Next, the Petitioner asserts that trial counsel was ineffective for failing to file written objections to the PSR to challenge the guideline range at sentencing. Moreover, the Petitioner contends that a reasonably competent attorney would have advocated that he receive a below-guideline sentence.

The Petitioner's argument regarding counsel's strategy is without merit. Moreover, counsel made a number of objections pertaining to relevant conduct and the Petitioner's criminal history.

Additionally, the Petitioner is unable to establish prejudice even assuming counsel did not argue that he should receive a below-guideline sentence. As an initial matter, the Court was aware of its sentencing discretion. The Court understood that it could sentence the Defendant within the guideline range or above or below it. In fact, the Court exercised its sentencing discretion and imposed a sentence above the applicable guideline range. The Court emphasized the Petitioner's criminal history, his risk of recidivism and the need to protect the public. Given the Petitioner's consistent refusal to accept responsibility, the Court recognized that the aggravating factors far outweighed any mitigating factors. This was reflected in the sentence imposed.

The Petitioner cannot show that he was prejudiced by the strategy employed by counsel at sentencing. The Court was aware of its sentencing discretion. Accordingly, the Petitioner's claim is without merit.

E. Mandatory minimum claim and *Alleyne*

In his amended petition, the Petitioner raises a claim pursuant to *Alleyne v. United States*, 133 S. Ct. 2151 (2013), wherein the Supreme Court held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Id.* at 2155. The Court stated that a mandatory minimum sentence is an "element" for this purpose and must be submitted to a jury. *See id.*

Because the Petitioner did not face a mandatory minimum sentence, he is entitled to no relief under *Alleyne*. Even if there was a mandatory minimum sentence, the Petitioner's claim would still fail. "Every court of appeals that has considered the subject has concluded that *Alleyne* is not retroactive on collateral review." *Crayton v. United States*, 799 F.3d 623, 624 (7th Cir. 2015) (citations omitted). The Seventh Circuit joined the other circuits and held, "*Alleyne* does not apply retroactively." *Id.*

### III. CONCLUSION

The Petitioner has not shown that counsel's performance fell below

11

an objective standard of reasonableness. Moreover, the Petitioner has not shown that he was prejudiced by any decision. The Petitioner also has no viable claim based on *Alleyne*.

Based on the foregoing, the Petitioner is not entitled to any relief under § 2255.

An appeal may be taken if the Court issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A). Because the Petitioner has not "made a substantial showing of the denial of a constitutional right," *see* 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability under Rule 11 of the Rules Governing Section 2255 Proceedings.

Ergo, the Motion under 28 U.S.C. § 2255 of Prince A. Stevenson to Vacate, Set Aside or Correct Sentence [d/e 1] is DENIED.

The Court declines to issue a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings.

The Clerk will terminate any pending motions and close this case.

ENTER: May 26, 2016

FOR THE COURT:

*s/Richard Mills*
Richard Mills
United States District Judge
